GJP GJP 5:18-4950

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18 4950

**I. (a) PLAINTIFFS**
PETER CATINA

**DEFENDANTS**
WEST CHESTER UNIVERSITY

(b) County of Residence of First Listed Plaintiff Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant West Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

AJP

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michelle R. Dempsky, Esq. - Kraemer, Manes, & Associates, LLC
1628 John F. Kennedy Blvd., Philadelphia, PA 19103
215-475-3567

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. §12101 et. seq. & 43 P.S. §953, et. seq.
Brief description of cause:
the American with Disabilities Act & Pennsylvania Human Relations Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*
JUDGE DOCKET NUMBER

NOV 15 2018

DATE
11/14/2018

SIGNATURE OF ATTORNEY OF RECORD
Michelle Dempsky

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

GJP

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

18 4950

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 218 Airy St., L9 Phoenixville, PA 19460

Address of Defendant: 2620 Egypt Road, Norristown, PA 19403

Place of Accident, Incident or Transaction: 2620 Egypt Road, Norristown, PA 19403

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/14/2018 ______ *Attorney-at-Law / Pro Se Plaintiff* ______ *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* ADA & PHRA

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michelle Dempsky, Esq., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

NOV 15 2018

DATE: 11/14/2018 ______ *Attorney-at-Law / Pro Se Plaintiff* 316564 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**



| PETER CATINA | : | CIVIL ACTION 18 4950 |
|---|---|---|
| v. | : | |
| WEST CHESTER UNIVERSITY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 11/14/2018 | Michelle Dempsky, Esq. | Peter Catina |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-475-3567 | 215-914-6053 | MD@LawKM.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 15 2018





**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER CATINA,<br>347 Honeylocust Square,<br>Lancaster, PA 17602<br>Plaintiff, | § § § § | 18 4950 |
| v. | § § | Civil Action No. ___________ |
| WEST CHESTER UNIVERSITY,<br>700 S High Street,<br>West Chester, PA 19382<br>Defendant. | § § § § | JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

NOW COMES the Plaintiff, Peter Catina, (hereinafter referred to as "Plaintiff") by and through his attorney, and files this Complaint alleging as follows:

**NATURE OF THE ACTION**

Plaintiff, Peter Catina, by and through his counsel, Kraemer Manes & Associates, LLC and Michelle R. Dempsky, Esquire, claim that West Chester University, discriminated against him and failed to engage in an interactive process or offer reasonable accommodation on account of his disabilities, in violation of the American with Disabilities Act, 42 U.S.C.A. §12101 *et. seq*. and Pennsylvania Human Relations Act, 43 P.S. §953, *et. seq.* and he alleges and avers as follows:

**JURISDICTION AND VENUE**

1. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

2. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

4. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Notice of Right to Sue, attached hereto as "Exhibit A" and incorporated herein as reference. Plaintiff has also exhausted administrative remedies with respect to his PHRA claims.

**THE PARTIES**

5. Plaintiff, Peter Catina, is an adult individual who resides at that above captioned address and was at all times an employee of West Chester University working at the above captioned address for West Chester University.

6. Defendant, West Chester University is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania,.and applicable Federal Laws, with an office at the above captioned address, and at all times relevant herein was Plaintiff's employer.

7. Defendant, West Chester University, agreed, accepted, acquiesced, and adopted the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents, including Martin Patwell, Trish Senengin, Karen Sisafo, and Frank Fry.
8. At all times relevant, Defendant West Chester University employed more than twenty-five (25) employees in a seventy-five-mile radius for twenty or more workweeks in a calendar year.

**Summary of Facts**

9. Plaintiff Catina was hired by Defendant West Chester University as a permanent full-time Professor, and he began work on or around August 25, 2014.
10. Plaintiff Catina is still employed by Defendant West Chester University, earning approximately $7,108.00 in salary annually.
11. In 1989, Plaintiff was shot in an altercation.
12. As a result of this incident, Plaintiff lost his left eye.
13. As a result of this incident, Plaintiff also has reduced vision in his right eye.
14. Plaintiff was diagnosed with Apsidal blindness and Central cone dysfunction in his right eye.
15. Plaintiff lacks binocular vision as a result of the loss of his left eye.
16. Plaintiff suffers from reduced central vision as a result of the conditions affecting his right eye.
17. Plaintiff relies heavily upon peripheral vision in his remaining eye.
18. The vision dysfunction creates difficulties with reading small print type.
19. On Plaintiff's first day of employment with Defendant West Chester University, Plaintiff contacted the director of disability, Mr. Patwell.
20. Defendant's employee, Mr. Patwell, told Plaintiff that the office only dealt with disabled students.
21. Plaintiff then asked who to contact about disabled faculty members.

22. Mr. Patwell referred Plaintiff to Defendant's Human Resources Department.

23. Mr. Patwell also stated that there is no office that handled matters specifically for disabled faculty.

24. On or around August 25, 2014, Plaintiff contacted Human Resources employee Trish Senengin.

25. Plaintiff informed Trish Senengin of his disability on this date.

26. Plaintiff requested an ADA form from Trish Senengin.

27. Trish Senengin did not provide Plaintiff with this form.

28. Trish Senengin informed Plaintiff that he should just send an email detailing his disability.

29. On or around August 26, 2015, Plaintiff informed Karen Sisafo of his disability.

30. Plaintiff requested that Defendant print Plaintiff's class rosters in large font as an accommodation.

31. Plaintiff explained that he made the request because he had difficulty reading the small print.

32. Defendant's employee, Karen Sisafo denied that request on or around August 26, 2015.

33. On this date, Karen Sisafo also stated that Plaintiff "wasn't disabled" because he had a job.

34. Karen Sisafo stated, "I'm not doing that, that's not my job."

35. Plaintiff requested the University's American with Disability Act Accommodation Request Form multiple times over four (4) years.

36. Plaintiff's disabilities were never listed on the University's American with Disability Act Accommodation Request Form.

37. No accommodation was ever offered.

38. On or around May of 2016, Defendant's employee, Frank Fry, informed Plaintiff he would be teaching classes in the Spring of 2017.

39. Frank Fry was responsible for creating the schedule for this period.

40. Frank Fry stated that Plaintiff would be teaching five (5) sections of the Course titled "EXS 102" in the spring of 2017.

41. For several months, Plaintiff's name was listed on the university website as instructor for all five (5) sections.

42. On or around November 16, 2016, Plaintiff's work was reduced.

43. Plaintiff was dropped from teaching two (2) of the aforementioned sections.

44. On or around November 16, 2016, Plaintiff contacted Dean Linda Adams and Department Chair Frank Fry.

45. In an Email dated November 17, 2016, at 3:29 PM, Frank Fry stated; "due to enrollment issues and the most recent hire of a full-time strength and conditioning coach by the Athletic Department I have reassigned sections of EXS 102. This is the course which he had been teaching for the Department of Kinesiology. He retains two sections, at this time, for the Spring 2017 semester."

46. During the Spring 2017 semester, enrollment was increasing at West Chester University.

47. The dismissal and notice of rights letter was issued to Plaintiff on August 11, 2016. (See "Exhibit A").

48. On Monday, November 6, 2017, Plaintiff was accosted by Packer Larson, a coworker and stretch coach, over the EEOC charge previously filed.

49. He blocked the hall, and stated to Plaintiff, "Fuck you," and that Plaintiff was 'making waves' that reflected poorly on him and other staff members.

50. Plaintiff complained about this conduct, but the Respondent failed to take any corrective actions against him.

51. Additionally, since the return of the previous notice of rights letter, Plaintiff has been constructively discharged.

52. The University has failed to schedule Plaintiff to teach any classes in the Spring of 2018 semester.

53. Plaintiff is working zero hours, for no pay or benefits.

54. This action was a de-facto termination.

55. Defendant retaliated against the Plaintiff for filing his EEOC charge.

56. Plaintiff filed a second EEOC charge on this basis.

57. The Right to Sue letter was received, dated August 18, 2018. (See "Exhibit B").

**COUNT I**
**42 U.S.C. § 1211 e *et seq.***
**The Americans with Disabilities Act ("ADA")**
**Disability Discrimination- Failure to Accommodate**

58. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

59. Defendant West Chester University is an employer under the ADA because it is a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

60. Plaintiff Catina was hired by Defendant West Chester University as a permanent full-time Professor, and he began work on or around August 25, 2014.

61. On Plaintiff's first day of employment with Defendant West Chester University, Plaintiff contacted the director of disability, Mr. Patwell, and informed him of the disability.

62. On or around August 26, 2015, Plaintiff contacted Human Resources employee Trish Senengin.

63. Plaintiff informed Trish Senengin of his disability on this date.

64. Plaintiff requested an ADA form from Trish Senengin.

65. On or around January of 2015, Plaintiff informed Karen Sisafo of his disability.

66. Plaintiff requested that Defendant print Plaintiff's class rosters in large font as an accommodation.

67. Plaintiff explained that he made the request because he had difficulty reading the small print.

68. Defendant's employee, Karen Sisafo denied that request on or around August 26, 2015.

69. On this date, Karen Sisafo also stated that Plaintiff "wasn't disabled" because he had a job.

70. Karen Sisafo stated, "I'm not doing that, that's not my job."

71. Plaintiff requested the University's American with Disability Act Accommodation Request Form multiple times over four (4) years.

72. Plaintiff's disabilities were never listed on the University's American with Disability Act Accommodation Request Form.

73. No accommodation was ever offered.

74. Defendant knew or should have known that Plaintiff had a disability.

75. Defendant refused to accommodate Plaintiff vision-related disability by offering larger-print class rosters.

76. Plaintiff suffered damages, including emotional damages, directly and proximately caused by Defendant when Defendant refused to accommodate him.

**COUNT II**
**Retaliation for filing a complaint of Disability Discrimination**
**Americans with Disabilities Act (ADA) of 1990, 42 USCA §12101 *et. seq.***
**Amended by the ADA Amendment Act of 2008**
**Peter Catina v. Defendant West Chester University**

77. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

78. Defendant West Chester University is an employer under the ADA because it is a partnership, association, corporation, and/or organization engaged in industry affecting commerce that has twenty-five (25) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

79. Plaintiff has disabilities under the ADA and under the Amended ADA effective January 1, 2009, as Plaintiff has no binocular vision, lacks vision in his left eye, has reduced vision in his right eye, and was diagnosed with Apsidal blindness and Central cone dysfunction in his right eye. This substantially limits him in major life activities including: driving, reading small print, operating specific machinery, and other tasks requiring binocular, keen, or central eyesight.

80. Plaintiff's conditions substantially limit him from major life activities.

81. Plaintiff is a qualified individual under the ADA, meaning with or without reasonable accommodation he could perform the essential functions of the employment position with Defendant.

82. On or around May of 2016, Defendant's employee, Frank Fry, informed Plaintiff he would be teaching classes in the Spring of 2017.

83. Frank Fry was responsible for creating the schedule for this period.

84. Frank Fry stated that Plaintiff would be teaching five (5) sections of the Course titled "EXS 102" in the spring of 2017.

85. For several months, Plaintiff's name was listed on the university website as instructor for all five (5) sections.

86. On or around November 16, 2016, Plaintiff's work was reduced.

87. Plaintiff was dropped from teaching two (2) of the aforementioned sections.

88. On or around November 16, 2016, Plaintiff contacted Dean Linda Adams and Department Chair Frank Fry.

89. Plaintiff asked why his schedule had been reduced.

90. In an Email dated November 17, 2016, at 3:29 PM, Frank Fry stated; "due to enrollment issues and the most recent hire of a full-time strength and conditioning coach by the Athletic Department I have reassigned sections of EXS 102. This is the course which he had been teaching for the Department of Kinesiology. He retains two sections, at this time, for the Spring 2017 semester."

91. During the Spring 2017 semester, enrollment was increasing at West Chester University.

92. The dismissal and notice of rights letter was issued to Plaintiff on August 11, 2016.

93. On Monday, November 6, 2017, Plaintiff was accosted by Packer Larson, a coworker and stretch coach, over the EEOC charge previously filed.

94. He blocked the hall, and stated to Plaintiff, "Fuck you," and that Plaintiff was 'making waves' that reflected poorly on him and other staff members.

95. Plaintiff complained about this conduct, but the Respondent failed to take any corrective actions against him.

96. Additionally, since the return of the previous notice of rights letter, Plaintiff has been constructively discharged.

97. The University has failed to schedule Plaintiff to teach any classes in the Spring of 2018 semester.

98. Plaintiff is working zero hours, for no pay or benefits.

99. This action was a de-facto termination.

100. Defendant retaliated against the Plaintiff for filing his EEOC charge.

101. Plaintiff filed a second EEOC charge on this basis.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs for violation of the Americans with Disabilities Act.

**DATE:**

Michelle R. Dempsky, Esq.
Attorney for Plaintiff
Kraemer, Manes, & Associates, LLC
1628 John F. Kennedy Blvd.,
Philadelphia, PA 19103
T: 215-475-3567
F: 215-914-6053




EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Peter Catina**
**347 Honey Locust Square**
**Lancaster, PA 17602**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-01432** | **Legal Unit, Legal Technician** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Spencer H. Lewis, Jr.,**
**District Director**

5/11/17
*(Date Mailed)*

Enclosures(s)

cc: **Pennsylvania State System of Higher Education**
**Andrew C. Lehman, Chief Counsel (for Respondent)**

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Peter Catina**
**347 Honey Locust Square**
**Lancaster, PA 17602**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2018-01508** | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Jamie R. Williamson,**
**District Director**

8-18-18
*(Date Mailed)*

Enclosures(s)

cc:

**Joseph M. Miller**
**University Legal Counsel**
**PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION**
**Dixon University Center**
**2986 North 2nd Street**
**Harrisburg, PA 17110**

**Matthew Dempsky**
**KM&A**
**1628 JFK BLVD, Ste 1650**
**Philadelphia, PA 19103**